**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAURICIO REZENDE | ) | |
| 8506 Aqueduct Rd. | ) | |
| Potomac, MD 20854 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA BREGER | ) | |
| 950 H St., NW | ) | |
| Washington, DC 20002 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| 245 Murray Drive | ) | |
| Building 410 | ) | |
| Washington, DC 20223 | ) | |
| | ) | |
| SERVE: | ) | |
| Eric H. Holder Jr. | ) | |
| United States Attorney General | ) | |
| U.S. Department of Justice | ) | Case No. |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| Ronald C. Machen Jr. | ) | |
| United States Attorney for the | ) | |
| District of Columbia | ) | |
| United States Attorney's Office | ) | |
| 555 4th Street, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Julia Pierson | ) | |
| United States Secret Service | ) | |
| 245 Murray Drive | ) | |
| Building 410 | ) | |
| Washington, DC 20223 | ) | |
| | ) | |
| A.T. Smith | ) | |
| United States Secret Service | ) | |

245 Murray Drive                                )
Building 410                                    )
Washington, DC 20223                            )
                                                )
Holly Runge                                     )
Counsel, United States Secret Service           )
245 Murray Drive                                )
Building 410                                    )
Washington, DC 20223                            )
                                                )
                            Defendants.         )

## COMPLAINT

(Negligence)

## INTRODUCTION

1.      This a civil action brought pursuant to 28 U.S.C. §§ 1346, 1367, 2671 *et seq.* seeking

damages for Plaintiff's injury caused by the negligence of Defendants.

2.      In addition, it is a civil action seeking damages against the Defendants for acts of

negligence under common law.

## JURISDICTION

3.      Jurisdiction exists in this case pursuant to the Federal Tort Claims Act, 28 U.S.C. §

1346(b).  Plaintiff further invokes the supplemental jurisdiction of this court to adjudicate

pendent claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367.

4.      Venue of this court is proper as the incident occurred in the District of Columbia.

5.      Defendant United States of America has been given notice of this claim pursuant to 28

U.S.C. § 2675 with the filing of Plaintiff's Standard Form 95 to the Department of Homeland

Security and United States Secret Service on February 15, 2013.

## PARTIES

6.      Plaintiff, Mauricio Rezende, is a resident of the state of Maryland.

7.      Defendant United States of America is the appropriate Defendant under the Federal Tort

Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*

8.      The United States Secret Service and/or the United States Department of Homeland

Security at all times relevant to this Complaint, was the agency of Defendant United States of

America that employed Defendant Joshua Berger, who is alleged to have caused the incident set

forth herein while in the scope of his employment for the United States Secret Service and/or the

United States Department of Homeland Security.

### STATEMENT OF FACTS

9.      On or about February 15, 2013, Plaintiff's counsel forwarded a Standard Form 95 form,

providing notice of Plaintiff's claim under Federal Tort Claims Act, to Defendant United States

of America, through its agencies, the Department of Homeland Security and the United States

Secret Service.

10.     Plaintiff's Standard Form 95 was acknowledged as having been received on March 8,

2013 by the United States Secret Service.

11.     On or about September 5, 2013, Department of Homeland Security, United States Secret

Service mailed a letter denying Plaintiff's claim.

12.     On or about March 11, 2011, at approximately 9:10 a.m., Plaintiff was operating a bicycle

on Pennsylvania Ave., N.W. in the District of Columbia.

13.     On or about March 11, 2011, at approximately 9:10 a.m., Defendant Breger was operating

a motor vehicle on Pennsylvania Ave., N.W. in the District of Columbia.

14.     At all relevant times, the United States Secret Service, and therefore, Defendant United

States of America, owned the motor vehicle that Defendant Breger was operating.

15.     At all relevant times, Defendant Breger was acting within the scope of his employment and/or agency for the Department of Homeland Security and/or the United States Secret Service, and therefore, Defendant United States of America.

16.     In the alternative, at all relevant times, Defendant Breger was not acting within the scope of his employment and/or agency for the Department of Homeland Security and/or the United States Secret Service, and therefore, Defendant United State of America.

17.     On or about March 11, 2011, at approximately 9:10 a.m., Defendant Breger struck and collided with Plaintiff.

18.     At all relevant times, Defendant Breger failed to pay full time and attention, failed to maintain a proper lookout, failed to slow the vehicle in order to avoid a collision, failed to yield the right of way, and failed to exercise ordinary and reasonable care under the circumstances.  In violation of his duties, Defendant Breger caused the motor vehicle collision as set forth herein.

19.     As a direct and proximate result of the collision alleged herein, Plaintiff suffered bodily injuries and shock to his nervous system which have caused, and will continue to cause, physical and mental pain and suffering for the rest of his life.  Plaintiff has incurred, and will continue to incur medical and related expenses, including lost wages and property damage.

20.     Plaintiff has complied with all conditions precedent.

### COUNT I: NEGLIGENCE OF DEFENDANT BREGER

21.     Plaintiff incorporates the above paragraphs as if fully set forth herein.

22.     At all times mentioned herein, Defendant Breger had the duty to operate his motor vehicle in a reasonably safe manner, which included, but was in no way limited to, paying full

time and attention, maintaining a proper lookout, slowing the vehicle in order to avoid a

collision, yielding the right of way, and exercising ordinary and reasonable care under the

circumstances.  In violation of his duties, Defendant Breger caused the motor vehicle collision as

set forth herein.

23.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered the injuries

alleged herein.

24.     The injuries alleged herein occurred solely as a proximate result of Defendants'

negligence without any contributory negligence on the part of Plaintiff.

### COUNT II: VICARIOUS LIABILITY OF DEFENDANT UNITED STATES OF AMERICA

25.     Plaintiffs restates and realleges each and every allegation set forth above as if fully set

forth herein.

26.     At all relevant times, Defendant Breger was acting within the scope of his employment

and/or agency for Defendant United States of America through its agency United States

Department of Homeland Security and/or United States Secret Service.

27.     Therefore, Defendant United States of America is vicariously liable for the negligence of

its agent or employee, Defendant Breger as alleged herein.

28.     As a result of Defendant Breger's negligence, Plaintiff suffered injuries and damages as

set forth above.

29.     The above injuries were caused solely and proximately by Defendants' without any

contributory negligence on the part of Plaintiff.

* * *

**WHEREFORE**, Plaintiff respectfully requests judgment against each Defendant in the

amount of one million dollars ($1,000,000.00) in compensatory damages, interest, and such other relief as the Court deems just and proper.

Date: February 28, 2014                                RESPECTFULLY SUBMITTED,


                                                        /s/ Thomas J. Simeone
                                                    Thomas J. Simeone, DC Bar #433425
                                                    SIMEONE & MILLER, LLP
                                                    1130 Connecticut Avenue, NW
                                                    Suite 350
                                                    Washington, DC 20036
                                                    (202) 628-3050
                                                    Fax: (202) 466-1833
                                                    tsimeone@simeonemiller.com


## JURY DEMAND

Plaintiff demands a trial by jury against all entities not covered by the Federal Tort Claims Act.


Date: February 28, 2014                                RESPECTFULLY SUBMITTED,


                                                        /s/ Thomas J. Simeone
                                                    Thomas J. Simeone, DC Bar #433425
                                                    SIMEONE & MILLER, LLP
                                                    1130 Connecticut Avenue, NW
                                                    Suite 350
                                                    Washington, DC 20036
                                                    (202) 628-3050
                                                    Fax: (202) 466-1833
                                                    tsimeone@simeonemiller.com